Ralph Tobjy v. Commissioner.
Tobjy v. Commissioner
Docket No. 3065-65.
United States Tax Court
T.C. Memo 1966-265; 1966 Tax Ct. Memo LEXIS 21; 25 T.C.M. (CCH) 1354; T.C.M. (RIA) 66265; December 6, 1966
Ralph Tobjy, pro se, 140 Seeley St., Brooklyn, N. Y. Wallace Musoff, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's income tax for 1961 in the amount of $597.74 and an addition to tax under section 6653(a) of the 1954 Internal Revenue Code in the amount of $29.89. The only issue remaining before us is whether the petitioner may now elect to file a joint Federal income tax return for 1961 in lieu of the separate individual return which he did file for that year. The parties have reached *22 agreement on all of the remaining issues and effect can be given to such agreement in the Rule 50 computation. Some of the facts were stipulated and they are so found. Petitioner Ralph Tobjy, an electrical engineer employed by the Board of Education of New York City, is a resident of Brooklyn, New York. He was married during the year 1961. He filed a timely Federal income tax return for the year 1961 with the district director of internal revenue, Brooklyn, New York, as a married person filing a separate return. Petitioner's contention that he should now be allowed to file a joint return for 1961, after the respondent has mailed to petitioner a notice of deficiency for that year (dated March 17, 1965) and after the petitioner has filed a petition (June 3, 1965) with this Court for a redetermination of such deficiency, is based upon what he calls "the spirit of the income tax law." He stated at the trial that when he filed his separate return for 1961 he had only recently been married (October 17, 1959) and that "it never occurred to me that if I filed a joint return that I would have certain tax advantages, in lieu of filing an individual return." Petitioner also stated that, *23 because he was severely injured in an automobile accident in April 1963 and because of illnesses in his family, he was unable to subsequently file a joint return (presumably for 1961). Section 6013(b)(1) of the 1954 I.R.C. states that "[except] as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse * * * and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year." However, subparagraph (b)(2)(C) of this section provides that the election allowed in subparagraph (b)(1) may not be made "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court of the United States within the time prescribed in section 6213." Here, the petitioner is requesting this Court to allow the very thing which is explicitly proscribed by the statute. While we may sympathize with petitioner's plight, we must, in the face of the *24 statute, hold against him on this issue. We sustain respondent on this issue. Decision will be entered under Rule 50.